UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JENA HESSMAN,

    Plaintiff,

v.                                  CASE NO:

LINDA'S COFFEE CAKES, INC.
d/b/a THE CAKE SHOP,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JENA HESSMAN, by and through undersigned counsel, sues Defendant, LINDA'S COFFEE CAKES, INC., d/b/a THE CAKE SHOP, as follows:

**INTRODUCTION**

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title I"), and the Pregnancy Discrimination Act ("PDA") of 1978, 42 U.S.C. § 2000e(k), to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Jena Hessman ("Plaintiff" or "Hessman"), who was adversely affected by such practices. Plaintiff alleges that Defendant, Linda's Coffee Cakes, Inc. d/b/a The Cake Shop ("Defendant" or "Cake

Shop"), discriminated against her because of her need to lactate, a condition of her sex (female) a post-pregnancy process.

## JURISDICTION, VENUE, AND PARTIES

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Tallahassee Division.

4. Plaintiff, Jena Hessman, is an individual 18 years of age or older and is thus *sui juris*. At all times material hereto, she has resided in Leon County, Florida.

5. At all times material hereto. Defendant has continuously been an employer within the meaning of the statutes referenced herein.

## ADMINISTRATIVE PROCEEDINGS

6. All conditions precedent to bringing this action have occurred, been performed, or have been expressly waived.

7. Plaintiff timely file a charge of discrimination with the EEOC and

FCHR and received a notice of right to sue thereafter.

## GENERAL ALLEGATIONS

8. Plaintiff, Jena Hessman, was an employee of Defendant and began her employment on or about January 5, 2015.

9. Plaintiff is a female, who had recently delivered a baby and was lactating or breastfeeding to feed her baby.

10. Plaintiff essentially worked as an assistant manager. Her responsibilities included cake decorating, icing cupcakes, packing and shipping products and customer service.

11. Plaintiff's pregnancy did not impact her ability to satisfactorily perform her duties.

12. Plaintiff was due to be out on approved maternity leave from June 1, 2018 through August 13, 2018.

13. On or about August 6, 2018, just prior to her return to employment, Plaintiff informed Linda Richards that, as a new mother, she would need to be allowed breaks and a location to pump her breast milk in order to provide food for her child.

14. On August 7, 2018, Plaintiff came Defendant's location on Capital Circle to introduce her new baby to her co-workers and to discuss her upcoming return to work on August 13, 2018.

15. Plaintiff was never allowed to return to work for Defendant and instead, on August 9, 2018, Plaintiff was told by Linda Richards that the shop no longer fit her (plaintiff's) "lifestyle" and it would be inappropriate for Plaintiff to pump at work.

16. Plaintiff offered to pump off site at a relative's home that was approximately five minutes from the shop, but Richards rejected this offer and informed Plaintiff that she was no longer able to perform her job duties.

17. Plaintiff was terminated as of August 9, 2018 and never placed back on the schedule to work for Defendant.

## STATEMENT OF CLAIMS

18. As set forth in paragraphs 8 through 17, Defendant engaged in unlawful employment practices including the termination of Plaintiff's employment because of her necessity to lactate, a condition of her sex (female).

19. Defendant's conduct constitutes unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k).

20. As a result of Defendant's acts as stated above, Plaintiff has suffered emotional pain, mental anguish, inconvenience, and other damage.

21. The unlawful employment practices complaint of above were intentional and caused pecuniary loss to Plaintiff including, but not limited to, lost earnings, compensation, and benefits.

22. The unlawful employment practices complained of above were done intentionally and with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

WHEREFORE, plaintiff prays that this Court will:

*a.* Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex (pregnancy);

*b.* Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on sex (pregnancy) and any other employment practice which discriminates on the basis of sex and which eradicates the effects of its past and present unlawful employment practices;

*c.* Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses, including appropriate back pay and benefits with prejudgment interest and all out-of-pocket expenses, in amounts to be determined at trial;

        *d.* Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial;

        *e.* Order Defendant to pay Plaintiff punitive damages for the intentional, malicious, and recklessly indifferent conduct described above, in amounts to be determined at trial;

        *f.* Grant plaintiff her costs and reasonable attorney's fees; and

        *g.* Grant plaintiff such other and further relief as the circumstances and law provide.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands jury trial on all issues so triable as a matter of right. Dated this 18th day of September, 2019.

                                        Respectfully submitted,

                                         /s/ Tiffany R. Cruz
                                        Tiffany R. Cruz
                                        Florida Bar No: 90986
                                        FRIEDMAN, ABRAHAMSEN & CRUZ
                                        403 E. Park Avenue
                                        Tallahassee, FL  32301
                                        Telephone: 850-681-3540
                                        Tiffany@fa-lawyers.com
                                        Paralegal@fa-lawyers.com
                                        Attorney for Plaintiff